## (February 25, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM ORTIZ.— Motion to dismiss appeal granted as not timely filed under section 521 of the Code of Criminal Procedure. Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.

## SECOND DEPARTMENT, FEBRUARY, 1965

## (February 1, 1965)

■ JACK F. BORDELAY, Appellant, v. HANA BORDELAY, Respondent.— In an action for a divorce, the plaintiff husband appeals from a judgment of the Supreme Court, Queens County, entered July 23, 1964, upon the court's opinion-decision after a nonjury trial, dismissing the complaint. Judgment reversed on the law and the facts, without costs, and a new trial ordered. It is clear from the written decision of the trial court that it inadvertently failed to consider the direct testimony of one Pogany, relating to certain alleged conduct of the defendant in April, 1962 — conduct which was independent of that to which another witness had testified. Having failed to consider such testimony of Pogany, it is our opinion that the trial court could make no meaningful determination of the weight of the evidence or of the credibility of this witness. Hence, a new trial is required. Upon such new trial, the credibility of the witnesses will be a matter for determination by the trier of the facts. To avoid any confusion, however, it should be observed that, if the testimony offered at the new trial is substantially the same as that adduced upon the first trial, such testimony would be sufficient, *if believed*, to establish the inclination and opportunity to commit adultery. The decisions (*Pollock* v. *Pollock*, 71 N. Y. 137; *Phillips* v. *Phillips*, 24 Misc. 334; *Fleck* v. *Fleck*, 6 Misc 2d 202) relied on by the trial court in dismissing the complaint are distinguishable. Thus, in *Pollock* (*supra*) the record was devoid of evidence tending to establish an inclination on plaintiff's part to engage in illicit intercourse. In *Phillips* (*supra*) it is clear that the court suspected collusion with respect to the evidence offered to prove adultery. In *Fleck* (*supra*) the court granted a divorce based on evidence of inclination far less compelling than the evidence in the record now before us. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.